Filed 5/16/16  P. v. Cabrera CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ADRIAN ESPINOZA CABRERA,<br><br>  Defendant and Appellant. | F069701<br><br>(Super. Ct. Nos. VCF260829A, VCF247612)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Detjen, J. and Peña, J.

In case No. VCF247612, appellant Adrian Espinoza Cabrera pled no contest to dissuading a witness (count 1/Pen. Code, § 136.1, subd. (c)(1))[1] and misdemeanor making criminal threats (count 5/§ 422). In case No. VCF260829A, he pled no contest to loansharking (count 1/Civ. Code, § 1916-3, subd. (b)), extortion (count 3/§ 520), and inducing a minor to commit a felony (count 5/§ 653j, subd. (a)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

*Case No. VCF247612*

On the evening of November 14, 2010, Cabrera and two armed suspects knocked on the door of the house where J.H. and B.T. lived and called out the name "Pedro." When J.H. pulled back the curtain on a window to look outside, Cabrera struck him on the forehead with the butt of a shotgun through the window screen. Cabrera then told J.H., "Come out. I'm go[ing to] kill you and your whole family." While J.H. ran to the kitchen to get a knife, Cabrera broke open the front door. B.T. told Cabrera, "Please[,] I have my babies." The two other suspects then broke the front window and Cabrera fled with them in a car.

Cabrera was arrested on November 15, 2010.

On July 15, 2011, J.H. was in custody on an unrelated matter when he testified at Cabrera's preliminary hearing. As J.H. was being transported back to jail in the same van as Cabrera, Cabrera told J.H. that he was going to have J.H.'s wife raped and his family killed if J.H. continued with his testimony. Cabrera then sat down with two subjects and told them in Spanish that he would pay them to harm J.H.

On December 19, 2011, the district attorney filed a first amended information in case No. VCF247612, charging Cabrera with two counts of dissuading a witness (counts 1, 2/§ 136.1, subd. (c)(1)); threatening a witness (counts 3, 4/§140, subd. (a)); making

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

criminal threats (counts 5, 6/§ 422); misdemeanor vandalism (count 7/§ 594, subd. (a)); misdemeanor cruelty to a child (counts 8, 9/§ 273a, subd. (b)); and battery (count 10/ § 242).

***Case No. VCF260829A***

In 2009, Cabrera lent Leonel Herrera $4,000 to open a business and charged him 10 percent interest per month, which translated to a monthly interest-only payment of $400. The loan did not have an end date and required a monthly interest payment until Herrera was able to pay off the $4,000 principal in one lump sum.

Around October 15, 2011, after having paid Cabrera approximately $10,000 on the loan, Herrera stopped making the payments. Herrera and his family then began receiving calls from Cabrera's wife Sandra Cisneros, his brother Gustavo Cabrera (Gustavo), and Cabrera's fourteen-year-old son demanding payment of the interest on the loan. Herrera took the calls as threats because the callers were angry, he had seen Cabrera physically assault people, and Cabrera knew Herrera's family.

On November 7 or 8, 2011, Herrera paid the $4,000 principal amount to Cabrera's son.

Ramon and Elida Rodriguez obtained a $2,000 business loan from Cabrera in September 2010, and also took over a $3,000 loan Cabrera had made to one of their sons in June 2010. They paid Cabrera a total of $1,100 a month in interest on both loans. Ramon estimated that he had paid $17,400 in interest on the loans.

Cabrera also lent $3,000 to Juan Soriano in July 2006, at a rate that began at seven percent interest per month and increased with time. In February 2011, Cabrera threatened to kill Soriano after he stopped paying interest on the loan.

In March 2010, Cabrera lent Soriano's son $3,000 at 12 percent interest per month.

3

In July 2007, Cabrera lent Alberto Soriano $2,000 at a monthly interest rate of 12 percent. In January 2011, Cabrera lent Alberto an additional $1,000 at 12 percent interest per month.

On January 2, 2014, the district attorney filed a first amended information charging Cabrera with five counts of loansharking (counts 1, 2, 6, 8, 10/Civ. Code, § 1916-3, subd. (b)); four counts of extortion (counts 3, 4, 7, 12/§ 520); and one count of inducing a minor to commit a felony (count 5/§ 653j, subd. (a)).

### Change of Plea and Sentencing

On January 13, 2014, after the prosecutor amended count 5 in case No. VCF247612 to allege a misdemeanor charge of making criminal threats, Cabrera entered his no contest plea in both cases in exchange for a stipulated five-year prison term, the dismissal of the remaining counts, and the dismissal of an unrelated case.

On March 25, 2014, the court granted Cabrera's request to substitute retained counsel.

Around April 21, 2014, Cabrera's new defense counsel filed a motion to withdraw Cabrera's plea, alleging the trial court failed to "properly obtain and find" a factual basis for Cabrera's pleas and that he was not given adequate time to consider the plea offer.

On May 13, 2014, the court denied Cabrera's motion.

On May 21, 2014, the court sentenced Cabrera to: the midterm of five years on his inducing a minor to commit a felony conviction, concurrent terms on his remaining felony convictions, and no time on his misdemeanor convictions for making criminal threats and cruelty to a child.

Cabrera's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Cabrera has not responded to this court's invitation to submit additional briefing.

4

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The judgment is affirmed.